```
         IN THE UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF ARKANSAS
                   JONESBORO DIVISION

IN RE:    DENNIS R. JACKSON         CASE NO. 3:08-BK-12464
          AND MARIE L. JACKSON

DENNIS & MARIE JACKSON                              PLAINTIFFS

VS.                                 CASE NO. 3:08-AP-

AVAIL FINANCIAL CORPORATION and
NOTEWORLD, LLC                                      DEFENDANTS
```

<u>COMPLAINT</u>

COME NOW the Plaintiffs, Dennis R. Jackson and Marie L. Jackson, by and through their undersigned attorney, Sara Rogers, and for their complaint, state and allege the following:

<u>JURISDICTION AND VENUE</u>

1. This action seeks to avoid pre-petition transfers of property from the Plaintiffs to the Defendants from which the Plaintiffs received less than equivalent value from the Defendants and further did not receive the notices required of debt relief agents.

2. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001(1) and 11 U.S.C. § 548(a)(1) and constitutes a core proceeding as defined in 28 U.S.C. §157(b)(2)(H).

1

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1334 in that it arises under title 11 of the United States Code.

4. Venue lies in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. The Plaintiffs are debtors under chapter 7 of title 11 in the above-captioned case.

6. The Defendant, Avail Financial Corporation (hereinafter referred to as "Avail"), is an entity engaged in the business of debt settlement services. Their corporate office is located at 299 W. Foothill Blvd., Ste. 208, Upland, CA 91786.

7. Avail is an active California corporation whose registered agent is John Alvarez, 299 W. Foothill Blvd. Ste. 208, Upland, CA 91786.

8. Avail has not registered with the Arkansas Secretary of State to transact business in this state.

9. Avail is operating as a debt relief agent as that term is defined by 11 U.S.C. §101(12A).

10. The Defendant, Noteworld, LLC (hereinafter referred to as "Noteworld"), is an entity engaged in the business of processing payments to the Debt Settlement Community. Their corporate office is

located at 1001 Pacific Avenue, Suite 200, Tacoma, Washington, 98402.

11. Noteworld is a wholly-owned subsidiary of C-Bass and a Washington limited liability corporation.

12. Noteworld has registered to transact business in this state. Their fictitious name is Noteworld Servicing Center. Their registered agent is Corporation Service Company, 300 Spring Building, Ste. 900, 300 S. Spring Street, Little Rock, AR 72201.

## FACTUAL ALLEGATIONS

13. Plaintiffs filed a chapter 7 case by the filing of a voluntary petition with the Clerk of this Court on April 22, 2008.

14. The 341(a) meeting of creditors was held in Jonesboro, Arkansas, on May 23, 2008.

15. On or about March 20, 2007, Plaintiffs entered into a debt settlement agreement with the Defendant, Avail Financial Corporation (hereinafter referred to as "Avail").

16. Avail was to provide their negotiation services for a reduction of the Plaintiffs' unsecured debt and to settle their accounts enrolled in the program under the terms of this contract.

3

17. Plaintiffs were to pay monthly via an electronic funds transfer to a trust account.

18. Noteworld serviced or acted as trustee to the trust account in which Plaintiffs made their deposits under the terms of the contract.

19. Noteworld was to deposit those same funds into an FDIC insured account with Bank of America.

20. Noteworld was to disburse these funds to creditors once a settlement agreement with the Plaintiffs' creditors had been reached.

21. Noteworld was to disburse funds from this same account to pay itself and Avail pursuant to the terms of the same contract.

22. Plaintiffs entered into this contract based upon the representations of Avail. Specifically, that the current level of the Plaintiffs debt would be "skillfully negotiated" on their behalf at a substantial reduction until they were debt free and that Avail would be communicating with their creditors.

23. Plaintiffs allege that in connection with the agreement Avail failed to provide the written notices required by 11 U.S.C. §342(b)(1).

4

24. Plaintiffs allege that at no time during the initial consultation or within three business days thereafter did Avail provide the Plaintiffs with a "clear and conspicuous notice" that:

   (a) All information had to be complete, accurate and truthful;
   (b) All assets had to be completely and accurately disclosed;
   (c) All assets had to be valued at the replacement value;
   (d) All current monthly income had to be accurately stated;
   (e) All disposable income had to be accurately stated; and
   (f) All information could be audited.

25. Avail failed to provide the Plaintiffs with the Statement required by 11 U.S.C. §527(b).

26. Avail failed to provide the Plaintiffs with the written notices required by 11 U.S.C. §528(b)(2)(A) and (b)(2)(B).

27. Upon information and belief, within two years before the filing of the petition, the Plaintiffs transferred property to the trust account in the amount of $3,657.46 for services pertaining to the settlement of the Plaintiffs' debts for an amount less than the amount owed. Plaintiffs were misled into thinking these payments would be pooled and paid to their creditors.

5

28. Plaintiffs were insolvent on the date that such transfer was made or became insolvent as a result of such a transfer.

29. Avail never settled any of the Plaintiffs' debts with any creditor. Further, upon information and belief, Avail never contacted any of the Plaintiffs' creditors. Plaintiffs continued to receive telephone calls from their creditors evidencing that no action was taken by the Defendants.

30. The Plaintiff ended her services with the Defendants on or about April 16, 2008.

31. Noteworld has returned $286.06 to the Plaintiffs' checking account following termination of the contract.

## AVOIDANCE OF FRAUDULENT TRANSFER

32. The allegations in paragraphs 1 through 31 are realleged and incorporated herein by this reference.

33. Avail failed to negotiate any settlements with the Plaintiffs' creditors. During the time that the Plaintiffs were making payments to Noteworld, they were sued by two different creditors that were enrolled in Avail's debt settlement program.

34. Plaintiffs received less than a reasonable equivalent in value from these transfers in that

6

Defendants did not provide any services in exchange for the money payments.

35. This transfer may be avoided pursuant to 11 U.S.C. §548.

### VIOLATION OF §526

36. The allegations in paragraphs 1 through 35 are realleged and incorporated herein by this reference.

37. Avail was at all times relevant to the allegations herein acting as a "Debt Relief Agency" as that term is defined by 11 U.S.C. §101(12A).

38. Plaintiffs at all times relevant to the allegations herein were "assisted persons" as that term is defined by 11 U.S.C. §101(3).

39. Avail intentionally and/or negligently failed to comply with the provisions of 11 U.S.C. §526 in that it failed to disclose the notices required by 11 U.S.C. §528(b)(1)&(2), 11 U.S.C. §342(b)(1), and 11 U.S.C. §527(b).

### BREACH OF FIDUCIARY DUTY AND SELF DEALING

40. The allegations in paragraphs 1 through 39 are realleged and incorporated herein by this reference.

41. The Defendant, Noteworld, is the trustee of the account to which the Plaintiffs deposited money under

7

the terms of the contract they entered into with Avail.

42. Under the terms of the contract, Noteworld was to debit funds from Plaintiffs primary bank account via electronic funds transfer.

43. Noteworld was to deposit these funds into an FDIC insured account with Bank of America.

44. The funds in the account were to pay settlements to creditors, fees to Noteworld, and fees to Avail.

45. Noteworld owed a fiduciary duty to the Plaintiffs as trustee of this account.

46. Noteworld has breached this fiduciary duty by self dealing with the account. This self dealing occurred when Noteworld paid itself and Avail all of the funds deposited into the account with the exception of the $286.06 paid to the Plaintiffs upon their termination of the contract without settling any of the Plaintiffs' accounts.

47. Avail has breached its fiduciary duty by neglecting to contact the Plaintiffs' creditors and having them deposit money into the trust account. Meanwhile, this same money could have been paid to creditors and improved the Plaintiffs situation instead of allowing their credit score to worsen and

8

  the balances on their accounts to increase with additional fees and interest.

48. These fees were not earned by either Defendant.

49. As a result of these breaches, the Plaintiffs have suffered actual damages and have suffered from emotional distress.

50. That that Plaintiff reserves the right to amend these pleadings as required in the prosecution of this action.

WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFFS PRAY:

1. That the pre-petition transfer of $3,657.46 be avoided pursuant to 11 U.S.C.§548;

2. That the contract be declared void;

3. That the court award actual damages in the amount of $3371.40 representing the fees charged and collected by the Defendants from the trust account and that these damages be trebled;

4. That a civil penalty be imposed upon the Defendants pursuant to 11 U.S.C. §526(C)(5)(b);

5. That this Court order the Defendants to pay additional damages for emotional distress created by the Defendants' breach of fiduciary duty;

9

6. That the Plaintiffs have and recover from the Defendants all reasonable legal fees and expenses incurred by their attorney; and

7. For any and all other relief to which the Plaintiffs may be entitled.

                                              Respectfully submitted,
DENNIS JACKSON & MARIE JACKSON, Plaintiffs

By:/s/ Sara Rogers
P.O. Box 5545
West Memphis, AR 72303
(870) 732-8787

10